UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CARLOS A. ROBINSON, an individual. ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDUARDO J. REQUEJO, individually; ) <br> ERIK N. GOOD, individually; ) <br> Defendants. ) <br> ) <br> ) | CASE NO. 0:20-CV-61067 |

# COMPLAINT

COMES NOW, Plaintiff, CARLOS A. ROBINSON, by and through undersigned counsel, and hereby files this Complaint against Defendants for damages. In support thereof, Plaintiff alleges, and states as follows:

## INTRODUCTION

1. This is an action for money damages brought by Plaintiff, Carlos A. Robinson.

2. This action is brought to vindicate deprivations of his constitutional rights caused by police excessive use of force and an unreasonable seizure, in violation of the Fourth and Fourteenth Amendments.

## JURISDICTION and VENUE

3. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,1343.

4. This case is instituted in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant

1

events and omissions occurred and in which Defendants maintain offices and/or reside.

## PARTIES

5. At all times relevant hereto, Plaintiff Carlos A. Robinson was a resident of the State of Florida and a citizen of the United States of America.

6. At all times relevant hereto, Defendant Eduardo J. Requejo was a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Ft. Lauderdale Police Department ("FLPD"). Defendant Eduardo J. Requejo is sued individually.

7. At all times relevant hereto, Defendant Erik N. Good was a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by FLPD. Defendant Erik N. Good is sued individually.

## GNENERAL ALLEGATIONS

8. At all times material hereto, Defendant Eduardo J. Requejo, handled a dog referred to as K9 Bero while employed as a law enforcement officer with FLPD, and was responsible and liable for all actions of K9 Bero.

9. On June 14, 2016, in the morning hours, Plaintiff was in a vehicle that was chased by FLPD and other law enforcement, which was alleged to have been stolen from a Mercedes Benz dealership, in Ft. Lauderdale, Florida.

10. The vehicle was chased up and until the vehicle crashed in Miramar, Florida near a Wal-Mart on University Drive.

11. A perimeter was set up by multiple law enforcement agencies to look for the Plaintiff, including aerial surveillance.

12. Hussein Mansour, who was sitting in his vehicle of the Wal Mart parking lot, indicated that the Plaintiff approached him as he was sitting in his vehicle, and attempted to enter his car, however he refused to allow the Plaintiff in his vehicle.

13. Plaintiff then proceeded to hide in the bushes located on the eastside of the Wal-Mart parking lot.

14. At all relevant times, the Plaintiff was unarmed and wearing red basketball shorts with a white shirt; none of the clothing contained any suspicious bulges.

15. Eventually, the Plaintiff decided to peacefully submit himself to law enforcement's attempt to arrest him.

16. The Plaintiff exited from the bushes and revealed himself to law enforcement by kneeling on the ground with his hands in the air.

17. While kneeling on the ground with his hands in the air, in an attempt to peacefully submit himself to an arrest, Defendant Eduardo J. Requejo intentionally gave commands for K9 Bero to bite the Plaintiff, in violation of the Plaintiff's fourth and fourteenth amendment rights.

18. Given the circumstances, no reasonable officer would have released his dog to bite the Plaintiff while he was kneeling down with his hands in the air.

19. K9 Bero eventually bit the Plaintiff on the shoulder, neck area, and head aread.

20. Defendant Eduardo J. Requejo allowed the attack to proceed for a long and unreasonable period of time.

21. While the Plaintiff was being attacked by K9 Bero; rather than intervene and prevent Edjuardo J. Requejo's constitutional violation, Defendant Erik N. Good proceeded to assist Eduardo J. Requejo and K9 Bero in their attack, by striking the

Plaintiff repeatedly; causing the Plaintiff to briefly lose consciousness during the attack, in violation of the Plaintiff's fourth and fourteenth amendment rights.

22. Given the circumstances, no reasonable officer would have acted the way Defendant Erik N. Good acted.

**23.** Both Defendants proceeded in their intentional acts for a long period of time.

## The Injuries

24. The Plaintiff suffered multiple bite wounds to his shoulder and neck.

25. K9 Bero ripped-off a significant amount of his skin as shown in the image below.



26. The Plaintiff was taken to Broward General Hospital for treatment to his wounds.

27. Below is a picture of the stitches to Plaintiff's shoulder and neck.



28. The wounds remained painful and visible.

4

29. The Plaintiff remains permanently scarred in the bite location.

30. Yet the Plaintiff's injuries are not only physical in nature. The attack was shocking and traumatic.

31. The incident still affects the Plaintiff emotionally. He suffered a violent attack by individuals who took an oath to protect and serve. The visible and obvious scarring is a daily reminder of the event.

32. The Plaintiff, since the dog bite, has not been happy; he still suffers from pain in the bite area.

**COUNT I. 42 U.S.C. § 1983 – Unreasonable Seizure in violation of the Fourth and Fourteenth Amendments**
(*Carlos A. Robinson v. Eduardo J. Requejo*)

33. Plaintiff realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. This count arises purely out of 42 U.S.C. § 1983 and the fourth and fourteenth amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

35. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

36. Plaintiff in this action is a citizen of the United States and Eduardo J. Requejo is a person for purposes of 42 U.S.C. § 1983.

37. Eduardo J. Requejo, at all times relevant hereto, was acting under the color of state law in his capacity as a law enforcement officer for FLPD and his acts and/or omissions were conducted within the scope of his official duties or employment.

38. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the fourth amendment to be secure in his person from unreasonable seizures.

39. Plaintiff also had the clearly established constitutional right under the fourteenth amendment to bodily integrity and to be free from unreasonable seizures by law enforcement.

40. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

41. Defendant Eduardo J. Requejo's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these fourth and fourteenth amendment rights of Plaintiff.

42. Defendant Eduardo J. Requejo unlawfully seized the Plaintiff via K9 Bero, by means of objectively unreasonable, conscious shocking physical force, thereby unreasonably restraining the Plaintiff.

43. The force used constituted unreasonable force.

44. Defendant Eduardo J. Requejo engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

45. Defendant Eduardo J. Requejo did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

46. The acts or omissions of Defendant Eduardo J. Requejo was one of the moving forces behind Plaintiff's injuries.

47. The acts and/or omissions of Defendant Eduardo J. Requejo, as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

48. Defendant Eduardo J. Requejo is not entitled to qualified immunity for the complained of conduct.

49. As a proximate result of Defendant Eduardo J. Requejo's unlawful conduct, Plaintiff has suffered actual physical injuries and mental anguish, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendant Eduardo J. Requejo's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

50. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his dog bite injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

51. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Eduardo J. Requejo under 42 U.S.C. § 1983, in that the actions of Defendant Eduardo J. Requejo have

been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### COUNT II. 42 U.S.C. § 1983 – Unreasonable Seizure and Failure to Intervene in violation of the Fourth and Fourteenth Amendments
(*Carlos A. Robinson v. Erik N. Good*)

52. Plaintiff realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

53. This count arises purely out of 42 U.S.C. § 1983 and the fourth and fourteenth amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

54. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

55. It is well settled that if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating, takes place in his presence, the officer is directly liable under Section 1983.

56. Plaintiff in this action is a citizen of the United States and Erik N. Good is a person for purposes of 42 U.S.C. § 1983.

57. Erik N. Good, at all times relevant hereto, was acting under the color of state law in his capacity as a law enforcement officer for FLPD and his acts and/or omissions were conducted within the scope of his official duties or employment.

58. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the fourth amendment to be secure in his person from unreasonable seizures.

59. Plaintiff also had the clearly established constitutional right under the fourteenth amendment to bodily integrity and to be free from unreasonable seizures by law enforcement.

60. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

61. Defendant Erik N. Good's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these fourth and fourteenth amendment rights of Plaintiff.

62. Defendant Erik N. Good unlawfully seized the Plaintiff by means of objectively unreasonable, conscious shocking physical force, thereby unreasonably restraining the Plaintiff.

63. The force used constituted unreasonable force.

64. Defendant Erik N. Good engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

65. Defendant Erik N. Good did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

66. The acts and/or omissions of Defendant Erik N. Good was one of the moving forces behind Plaintiff's injuries.

67. The acts and/or omissions of Defendant Erik N. Good, as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

68. Defendant Erik N. Good is not entitled to qualified immunity for the complained of conduct.

69. As a proximate result of Defendant Erik N. Good's unlawful conduct, Plaintiff has suffered actual physical injuries and mental anguish, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendant Erik N. Good's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

70. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his dog bite injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

71. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Erik N. Good under 42 U.S.C. § 1983, in that the actions of Defendant Erik N. Good have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## **PRAYERS FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages, humiliation, loss of enjoyment of life, mental anguish, and pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against all Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues triable by jury.

Respectfully Submitted on May 31, 2020.

*Trial Counsel*
s/ TOBECHUKU T. NWAHIRI

---

TOBECHUKU TONY NWAHIRI, ESQ.
Florida Bar No. 112107
Nwahiri Law, PLLC
13499 Biscayne Blvd., Suite 107
Miami, Florida, 33181
P: 305-345-4117
F: 305-503-4614
Tobe@NwahiriLaw.com