UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-61067-CIV-RUIZ

CARLOS A. ROBINSON, an individual,

   Plaintiff,

vs.

EDUARDO J. REQUEJO, individually,
ERIK N. GOOD, individually,

   Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, EDUARDO J. REQUEJO ("REQUEJO") and ERIK N. GOOD ("GOOD") (collectively "DEFENDANTS"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's, CARLOS A. ROBINSON ("ROBINSON"), Complaint [ECF No. 1], and states as follows:

### INTRODUCTION

1) DEFENDANTS deny the allegations contained in ¶1.

2) DEFENDANTS deny the allegations contained in ¶2.

### JURISDICTION and VENUE

3) DEFENDANTS deny the allegations contained in ¶3.

4) DEFENDANTS deny the allegations contained in ¶4.

### PARTIES

5) DEFENDANTS do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of ¶5, and therefore deny the allegations contained therein.

6) REQUEJO admits he is a resident of the State of Florida and was acting under the color of state law and in his capacity as a law enforcement officer employed by the City of Fort Lauderdale ("FLPD") at the time of the incident and denies the remaining allegations contained in ¶6.

7) GOOD admits he is a resident of the State of Florida and was acting under state law and in his capacity as a law enforcement officer employed by the City of Fort Lauderdale at the time of the incident and denies the remaining allegations contained in ¶7.

## ALLEGATIONS

8) REQUEJO admits only that he handled a K9 named BERO while employed as a law enforcement officer with FLPD and denies the remaining allegations contained in ¶8.

9) DEFENDANTS deny that the vehicle in question was "allegedly stolen," but admit that it was in fact stolen by Plaintiff from a Mercedes-Benz dealership in Fort Lauderdale, Florida and that there was a chase to recover the stolen vehicle and apprehend the Plaintiff, who stole the vehicle.

10) DEFENDANTS admit the stolen vehicle driven by Plaintiff was chased until Plaintiff crashed the vehicle in Miramar, Florida near a Walmart on University drive.

11) DEFENDANTS admit a perimeter was set up to look for Plaintiff who had stolen the subject vehicle, fled police in an attempt to get away with the stolen vehicle, crashed the vehicle and then attempted to further flee police after the crash.

12) DEFENDANTS admit only that Plaintiff, after having stolen the subject vehicle, fled the police in an attempt to get away with the stolen vehicle and then crashed the vehicle, in a further attempt to elude police and get away and hide, forcibly tried to take Hussein Mansour's vehicle, as he was sitting peacefully in his car in the same parking lot.

13) DEFENDANTS admit only that Plaintiff, after having stolen the subject vehicle, fled the police in an attempt to get away with the stolen vehicle and then crashed the vehicle, in a further attempt to elude police and get away and hide, forcibly tried to take Hussein Mansour's vehicle, and after having unsuccessfully tried to forcibly take another person's vehicle and was refused, then proceeded to hide in the bushes at Walmart to further escape police detection because he had stolen a vehicle and then tried to forcibly steal another vehicle from Mr. Mansour.

14) DEFENDANTS deny the allegations contained in ¶14.

15) DEFENDANTS deny the allegations contained in ¶15

16) DEFENDANTS deny the allegations contained in ¶14 and further state Plaintiff refused to surrender to police and continued to hide in the bushes and evade detection even though he knew the police were looking for him after he had stolen a vehicle, led police on and a dangerous and high speed car chase, crashed the stolen vehicle and then forcibly tried to steal another car from Mr. Mansour.

17) DEFENDANTS deny the allegations of ¶17.

18) DEFENDANTS deny the allegations contained in ¶18 and further state Plaintiff was not kneeling, but in fact refused to surrender to police and continued to hide in the bushes and evade detection even though he knew the police were looking for him after he had stolen a vehicle, led police on and a dangerous and high speed car chase, crashed the stolen vehicle and then forcibly tried to steal another car from Mr. Mansour.

19) DEFENDANTS admit the K9 BERO used only as much force as necessary to allow for the police to drag him out of the bushes where he was hiding and refusing to surrender to police and where he continued to hide and try to evade detection even though he knew the police were looking for him after he had stolen a vehicle, led police on and a dangerous and high speed car chase, crashed the stolen vehicle and then forcibly tried to steal another car from Mr. Mansour.

20) DEFENDANTS deny the allegations contained in ¶20.

21) DEFENDANTS deny the allegation contained in ¶21, but admit only that they used only as much force as lawfully necessary to allow for the apprehension of Plaintiff who continued to hide in the bushes and refusing to surrender to police even though he knew the police were looking for him after he had stolen a vehicle, led police on and a dangerous and high speed car chase, crashed the stolen vehicle and then forcibly tried to steal another car from Mr. Mansour.

22) DEFENDANTS deny the allegations contained in ¶22.

23) DEFENDANTS deny the allegations contained in ¶23.

### THE INJURIES

24) DEFENDANTS deny the allegations contained in ¶24.

25) DEFENDANTS deny the allegations contained in ¶25.

26) DEFENDANTS deny the allegations contained in ¶26.

27) DEFENDANTS deny the allegations contained in ¶27.

28) DEFENDANTS deny the allegations contained in ¶28.

29) DEFENDANTS deny the allegations contained in ¶29.

30) DEFENDANTS deny the allegations contained in ¶30.

31) DEFENDANTS deny the allegations contained in ¶31.

32) DEFENDANTS deny the allegations contained ¶32.

### COUNT I. 42 U.S.C. §1983 – Unreasonable Seizure in violation of Fourth and Fourteenth Amendment
**(Carols A. Robinson v. Eduardo J. Requejo)**

33) DEFENDANTS reallege and incorporate ¶¶s 1 through 32 as though set forth fully herein.

34) DEFENDANTS deny the allegations contained in ¶34.

35) DEFENDANTS admit only that 42 U.S.C. §1983 speaks for itself and deny the remaining allegations contained in ¶35.

36) DEFENDANTS admit only that 42 U.S.C. §1983 speaks for itself and deny the remaining allegations contained in ¶35.

37) REQUEJO admits the allegations contained in ¶37.

38) DEFENDANTS deny the allegations contained in ¶38.

39) DEFENDANTS deny the allegations contained in ¶39.

40) DEFENDANTS deny the allegations contained in ¶40.

41) REQUEJO denies the allegations contained in ¶41.

42) REQUEJO denies the allegations contained in ¶42.

43) DEFENDANTS deny the allegations contained in ¶43.

44) REQUEJO denies the allegations contained in ¶44.

45) REQUEJO denies the allegations contained in ¶45.

46) REQUEJO denies the allegations contained in ¶46.

47) REQUEJO denies the allegations contained in ¶47 and further asserts Plaintiff's injuries were solely the result of the actions of Plaintiff in having stolen the subject vehicle, fled the police in an attempt to get away with the stolen vehicle and then crashed the vehicle, in further attempting to elude police and get away and hide, and forcibly trying to take Hussein Mansour's vehicle, and after having unsuccessfully tried to forcibly take another person's vehicle and was refused, then proceeded to hide in the bushes at Walmart to further escape police detection because he had stolen a vehicle and then tried to forcibly steal another vehicle from Mr. Mansour.

48) REQUEJO denies the allegations contained in ¶48.

49) REQUEJO denies the allegations contained in ¶49.

50) REQUEJO denies the allegations contained in ¶50.

51) REQUEJO denies the allegations contained in ¶51.

**COUNT II. 42 U.S.C. §1983 – Unreasonable Seizure in violation of
Fourth and Fourteenth Amendment
(Carols A. Robinson v. Erik N. Good)**

52) DEFENDANTS reallege and incorporate ¶¶s 1 through 32 as though set forth fully herein.

53) DEFENDANTS deny the allegations contained in ¶53.

54) DEFENDANTS admit only that 42 U.S.C. §1983 speaks for itself and deny the remaining allegations contained in ¶54.

55) DEFENDANTS deny the allegations contained in ¶55.

56) DEFENDANTS admit only that 42 U.S.C. §1983 speaks for itself and deny the remaining allegations contained in ¶56.

57) GOOD admits the allegations contained in ¶57.

58) DEFENDANTS deny the allegations contained in ¶58.

59) DEFENDANTS deny the allegations contained in ¶59.

60) DEFENDANTS deny the allegations contained in ¶60.

61) GOOD denies the allegations contained in ¶61.

62) GOOD denies the allegations contained in ¶62.

63) DEFENDANTS deny the allegations contained in ¶63.

64) GOOD denies the allegations contained in ¶64.

65) GOOD denies the allegations contained in ¶65.

66) GOOD denies the allegations contained in ¶66 and further assert Plaintiff's injuries were solely the result of the actions of Plaintiff in having stolen the subject vehicle, fled the police in an attempt to get away with the stolen vehicle and then crashed the vehicle, in further attempting

to elude police and get away and hide, and forcibly trying to take Hussein Mansour's vehicle, and after having unsuccessfully tried to forcibly take another person's vehicle and was refused, then proceeded to hide in the bushes at Walmart to further escape police detection because he had stolen a vehicle and then tried to forcibly steal another vehicle from Mr. Mansour.

67) GOOD denies the allegations contained in ¶67.

68) GOOD denies the allegations contained in ¶68.

69) GOOD denies the allegations contained in ¶69.

70) GOOD denies the allegations contained in ¶70.

71) GOOD denies the allegations contained in ¶71.

## **PRAYERS FOR RELIEF**

DEFENDANTS deny that Plaintiff is entitled to any relief from DEFENDANTS and further assert it was Plaintiff's unlawful actions in having stolen the subject vehicle, fled the police in an attempt to get away with the stolen vehicle and then crashed the vehicle, and in further attempting to elude police and get away and hide, tried unsuccessfully to forcibly take Hussein Mansour's vehicle, and after having unsuccessfully tried to forcibly take another person's vehicle and was refused, then proceeded to hide in the bushes at Walmart to further escape police detection because he had stolen a vehicle and then tried to forcibly steal another vehicle from Mr. Mansour.

WHEREFORE, DEFENDANTS, EDUARDO J. REQUEJO and ERIK N. GOOD, respectfully pray this honorable court dismiss Plaintiff's Complaint with prejudice and in their favor to further award DEFENDANTS all costs and fees incurred in defending this case and for any further relief this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

72) DEFENDANTS allege and assert, without admitting liability, that the alleged damages of ROBINSON were due to circumstances, conditions, and events, beyond the control of DEFENDANTS, and not reasonably foreseeable by a prudent person or law enforcement officer, under any objective or subjective standard.

73) DEFENDANTS allege and assert, without admitting liability, that at all times material, they had probable cause and/or arguable probable cause, and a duty, as well as lawful authority, to use force, detain, arrest and take ROBINSON into custody.

74) DEFENDANTS allege and assert, without admitting liability, that they are immune from any suit and tort liability pursuant to ROBINSON's cause of action as it is barred by the doctrine of Sovereign Immunity, except to the extent that said immunity has been waived pursuant to §768.28, *Florida Statues*. Additionally, this action is barred as a result of ROBINSON's failure to strictly and completely comply with the pre-suit notice requirements of §768.26 and §768.28, *Florida Statues*.

75) DEFENDANTS allege and assert, without admitting liability, that they are entitled to a credit and/or set-off for any and all collateral sources pursuant to §768.76, *Florida Statues*, including but not limited to, any and all insurance benefits, and any and all other benefits, sources or recoupments, paid and/or payable to ROBINSON, including but not limited to, settlements, judgments or payments of any kind by any individual or entity in connection with the subject matter of the incident described in the Complaint, as well as any insurance coverage, including benefits available through any guaranty association or other governmental authority available to any individual or entity which may be wholly or partially responsible for the damages alleged in the Complaint.

76) DEFENDANTS allege and assert, without admitting liability, that they are entitled to a credit and/or set-off pursuant to §46.015 and §768.041, *Florida Statues*.

77) DEFENDANTS allege and assert, without admitting liability, that ROBINSON has failed to mitigate his alleged damages by specifically not reasonably pursuing medical and/or mental health treatment for his alleged damages.

78) DEFENDANTS allege and assert, without admitting liability, that at all times material, DEFENDANTS had probable cause and/or arguable probable cause, and a duty, as well as lawful authority, and reasonable suspicion, to detain, seize, and arrest ROBINSON.

79) DEFENDANTS allege and assert, without admitting liability, that ROBINSON's conduct is the sole cause of his alleged injuries and damages, if any.

80) DEFENDANTS allege and assert, without admitting liability, that ROBINSON has failed to state a claim upon which relief can be granted.

81) DEFENDANTS allege and assert that at the time of the incident alleged in the Complaint, they were agents of the state entity as defined by §768.28, *Florida Statutes*, because their actions occurred within the course and scope of their employment as law enforcement officers and because their actions were not committed in bad faith, with malicious purpose, or in any manner exhibiting wanton and willful disregard of human rights, safety or property, they are, therefore, protected by Sovereign Immunity from liability for both constitutional and state law torts pursuant to §768.28, *Florida Statutes*.

82) DEFENDANTS allege and assert that they are entitled to qualified immunity because they did not act in any way that would violate any clearly established rights guaranteed to Plaintiff under the Constitution of the United States and/or under any statutory law, of which a reasonable person and/or reasonable police officer would have known.

83) DEFENDANTS allege and assert that the actions taken by them, if any, including any physical touching or alleged use of force, with regard to the pursuit, search, apprehension, detention, and/or arrest of ROBINSON, were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery pursuant to 42 U.S.C. §1983.

84) DEFENDANTS allege and assert that, at all times material, they used only such alleged *de minimis* and justifiable force and/or physical touching, if any, as was reasonable or necessary under the circumstances, including but not limited to the circumstances enumerated in §776.05, §776.051 and/or §776.07, *Florida Statutes*.

85) DEFENDANTS allege and assert that ROBINSON has failed to mitigate his alleged damages by failing to timely obtain medical and/or psychological treatment.

86) DEFENDANTS allege and assert that the sole cause of the loss, injury, or damage alleged to have been sustained by ROBINSON were the result of acts or omissions of ROBINSON, including but not limited to, his unlawful use of force in his resistance to and during the arrest, and Plaintiff's unlawful actions in having stolen the subject vehicle, fled the police in an attempt to get away with the stolen vehicle and then crashed the vehicle, and in further attempting to elude police and get away and hide, tried unsuccessfully to forcibly take Hussein Mansour's vehicle, and after having unsuccessfully tried to forcibly take another person's vehicle and was refused, then proceeded to hide in the bushes to further escape police detection because he had stolen a vehicle and then tried to forcibly steal another vehicle from Mr. Mansour.

87) DEFENDANTS allege and assert that should they prevail in this action; they will be entitled to fees and costs pursuant to applicable Federal and State law.

88) DEFENDANTS allege and assert that they are not liable for punitive damages, as alleged by ROBINSON, because no actions of DEFENDANTS were committed with malice, fraud, wantonness or oppression, or entire want of cause, which would raise the presumption of conscious indifference to the rights of ROBINSON by clear and convincing evidence.

## GENERAL DENIAL

89) DEFENDANTS further deny each and every other allegation of ROBINSON's Complaint herein not specifically admitted.

## DEMAND FOR ATTORNEY'S FEES

90) DEFENDANTS further demand reasonable attorney's fees pursuant to 42 U.S.C. §1988, should they prevail in this action.

## RESERVATION OF RIGHTS

91) DEFENDANTS reserve the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

WHEREFORE, having fully answered ROBINSON's Complaint, DEFENDANTS, EDUARDO J. REQUEJO and ERIK N. GOOD, pray the Complaint be dismissed with prejudice and costs and fees awarded to DEFENDANTS.

Dated:  August 11, 2020         Respectfully submitted,

  /s/  Robert M. Oldershaw
ROBERT M. OLDERSHAW
roldershaw@fortlauderdale.gov
Florida Bar No. 86071
MICHAEL T. BOSTICK
mbostick@fortlauderdale.gov
Florida Bar No. 43369
ALAIN E. BOILEAU
CITY ATTORNEY
CITY OF FORT LAUDERDALE

*Robinson v. Requejo, et al.*
20-61067-CIV-RUIZ

100 North Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:    (954) 828-5940
Facsimile:    (954) 828-5915
*Attorneys for Defendants Eduardo J. Requejo
and Erik N. Good*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices on August 11, 2020 on all counsel or parties of record on the Service List below.

 /s/ Robert M. Oldershaw
ROBERT M. OLDERSHAW

## **SERVICE LIST**

**Tobechuku Tony Nwahiri, Esq.**
Tobe@NwahiriLaw.com
NWAHIRI LAW, PLLC
13499 Biscayne Boulevard, Suite 107
Miami, Florida 33181
Telephone: (305) 345-4117
Facsimile:  (305) 503-4614
*Counsel for Plaintiff*