UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61067-CIV-RUIZ

CARLOS A. ROBINSON, an individual,

    Plaintiff,

vs.

EDUARDO J. REQUEJO, individually,
ERIK N. GOOD, individually,

    Defendants.
_____/

**DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

Defendants, EDUARDO J. REQUEJO ("REQUEJO") and ERIK N. GOOD ("GOOD"), by and through their undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, and Southern District Local Rules 56.1(a), and hereby file their Statement of Material Facts in Support of Their Motion for Final Summary Judgement, as follows:

1. On June 14, 2016, Plaintiff, Carlos Robinson ("Robinson") was arrested and charged with: (1) Grand Theft of an Auto – First Degree, (2) Burglary of an Unoccupied Structure, (3) Aggravated Fleeing to Elude a Law Enforcement Officer, (4) Resisting an Officer without Violence, (5) Fleeing with Disregard of Safety to Person, and (6) Carjacking without Firearm or Weapon. Robinson pled no contest and was convicted of: (1) Grand Theft of an Auto – First Degree, (2) Burglary of an Unoccupied Structure, and (3) Aggravated Fleeing to Elude a Law Enforcement Officer. [ECF No.: 21-1 at 6 (Plaintiff's Answer to Interrogatory No. 25)].

2. On the morning of Robinson's arrest, Officer Requejo joined a police pursuit of a stolen vehicle traveling in excess of 120 miles per hour, after hearing a police radio broadcast advising of a burglary in progress. [ECF No.: 21-2 at 23-25 (Deposition of Officer Eduardo J. Requejo pages 23:20 to 25:20)].

3. Officer Good joined the chase after hearing the radio dispatch call for canine units to head toward the Mercedes Benz dealership on Federal Highway and State Road 84 and fellow officers advising that the stolen vehicle was leaving the parking lot of the burglary location. [ECF No.: 21-3 at 13-14 (Deposition of Officer Erik N. Good pages 13:9-12; 14:16-23)].

4. The high-speed chase began on Federal Highway in Fort Lauderdale near the Mercedes Benz dealership, merged onto I-595 westbound then eventually onto University Drive in Davie, Florida. [ECF No.: 21-2 at 24:22-25; 25:1-2].

5. The vehicle chase ended after Robinson ran several red lights, endangering the public, crashed the stolen vehicle at the southwest corner of University Drive and Pembroke Road in Miramar, Florida, then ran into the Walmart parking lot. [ECF No.: 21-2 at 27:4-15; ECF No.: 21-2 at 63:10-15].

6. While sitting in his vehicle in the Walmart parking lot, Hussein Mansour ("Mansour") heard the Mercedes Benz crash at the southwest corner of University Drive and Pembroke Road then observed Robinson running toward his vehicle. [ECF No.: 21-4 at 12:22-25; 13:1-4; 13:17-22].

7. Officer Requejo arrived within seconds of the crash and deployed his canine partner "Bero" at the scene of the bailout. [ECF No.: 21-2 at 27:11-18].

8. Due to the totality of the circumstances of Robinson's felonious activities (i.e., theft of the vehicle, high speed chase, refusal to stop in view of lights and sirens and

fleeing from the stolen vehicle to avoid capture), Officer Requejo deployed Bero upon arrival at the crash site to detect a human scent. [*Id*. at 30:17-25; *Id*. at 31:1-9].

9. Bero immediately alerted to fresh human scent and continued tracking from the driver's side door of the stolen vehicle to the bushes where Robinson was eventually found hiding and resisting arrest. [*Id*. at 30:17-25].

10. Prior to tracking Robinson to the bushes, Officers Requejo and Good were met by an unknown black male in the Walmart parking lot who told them he saw another male running with an object in his hand, possibly a gun. [ECF No.: 21-2 at 40:8-13; ECF No.: 21-3 at 19:10-16].

11. The unknown black male then pointed in a southeast direction indicating the direction he observed Robinson run, which coincided with the direction Officer Requejo and Bero was tracking Robinson. [ECF No.: 21-3 at 7-19].

12. Officer Good remained behind talking to the unknown black male while Officer Requejo and Bero continued tracking Robinson. [ECF No.: 21-2 at 40:14-20; ECF No.: 21-3 at 21:2-10].

13. Robinson, who was running from law enforcement in the dark, tried to dive into Mansour's window and essentially into his lap, demanding to be let into the vehicle. [ECF No.: 21-4 at 13:5-9; 13:24-25].

14. Mansour, while sitting in his vehicle talking on the phone with his mother, not knowing who jumped into his vehicle or whether said person had a gun, had to deal with the fact that he was face-to-face with Robinson who was trying to rob him. [ECF No.: 21-4 at 36:23-25; 37:1-18].

15. While dealing with the prospect of possibly losing his life, seeing and hearing police sirens and helicopters, knowing that Robinson was running from the police, Mansour was trying to survive. [ECF No.: 21-4 at 35:5-10; 36:24-25].

16. Mansour was scared for his life when Robinson attempted to climb in his car window at 5:00 a.m. [ECF No.: 21-4 at 36:19-25; 37:1-7; 60:24-25; 61:1-21].

17. Shortly thereafter, Mansour, after Robinson attempted to carjack his vehicle, ran up to Officer Requejo advising that someone had tried to carjack his vehicle by attempting to carjack his car. [ECF No.: 21-2 at 40:14-20; ECF No.: 21-4 at 13:5-13; 16:16-24].

18. Before running away from his own vehicle, Mansour clearly observed Robinson exit the vehicle then throw himself into the bushes to hide himself directly in front of the vehicle. [ECF No.: 21-4 at 13:10-13; 18:5-21; 19:15-18].

19. Mansour advised Officer Requejo that Robinson was hiding in the bushes in front of his vehicle. [ECF No.: 21-4 at 27:22-25; 28:1-2].

20. When in the bushes, Mansour could not see Robinson's hands and because it was dark, and did not know Robinson's state of mind. [ECF No.: 21-4 at 68:10-25; 69:1-2].

21. After making sure that the Mansour was safe, Officer Requejo and Bero continued tracking the scent from the stolen vehicle to Mansour's vehicle. [ECF No.: 21-2 at 49:6-22].

22. Once there, Bero tracked the scent to the bushes adjacent to Mansour's vehicle where he alerted that someone was hiding. [ECF No.: 21-2 at 49:6-22; ECF No.: 21-3 at 22:17-24].

23. Officer Requejo used his flashlight to peer into the dense bushes where he observed Robinson's white T-shirt. [ECF No.: 21-2 at 55:13-18; ECF No.: 21-4 at 68:14-19].

24. Officer Requejo could not see Robinson's hands, the position of his hands or the position of his body. [ECF No.: 21-2 at 55:13-18].

25. Before sending Bero into the bushes to apprehend Robinson, Officer Requejo gave Robinson loud verbal commands to come out and surrender or he would send in the dog. [ECF No.: 21-2 at 57:17-22; ECF No.: 21-3 at 22:4-13; 23:1-13].

26. Following the verbal commands, Officer Requejo waited 15 seconds for Robinson to surrender, which allowed plenty of time for Robinson to stand up, move around in an attempt to come out of the bushes, or to say I give up; however, Robinson remained perfectly still. [ECF No.: 21-2 at 60:6-25; ECF No.: 21-3 at 27:14-18].

27. As a result, Officer Requejo released Bero to retrieve Robinson from inside the thick, dense bushes. [ECF No.: 21-2 at 60:6-25; ECF No.: 21-3 at 34:20-22; ECF No.: 21-4 at 28:20-25; 29:1-6].

28. Upon Bero making initial contact with Robinson inside the bushes, Robinson grabbed Bero by the neck, pushed him away, then proceeded to crawl back into the bushes. [ECF No.: 21-2 at 69:12-20; ECF No.: 21-3 at 35:24-25; 36:1-5; 37:2-5].

29. Bero immediately regained control of Robinson's shoulder blade as he crawled deeper into the bushes. [ECF No.: 21-2 at 69:12-20].

30. After Bero gained control of Robinson, Officer Requejo attempted to drag Robinson out of the bushes by pulling Bero's leash. [*Id*. at 70:9-13].

31. Serving as Officer Requejo's backup, Officer Good assisted with attempts to gain compliance from Robinson by using his hands to try and gain control of Robinson's hands in order to place him in handcuffs. [ECF No.: 21-2 at 77:5-10; ECF No.: 21-3 at 39:18-24].

32. After Robinson's continued failure to comply, Officer Good went into the bushes, not knowing if Robinson was lying on a gun or had a gun in his waistband, and struck Robinson on his arm with his flashlight to gain compliance. [ECF No.: 21-3 at 40:12-25; 41:1-7; 42:10-14; 53:13-18].

33. Shortly thereafter, Officer Good was finally able to remove Robinson from the bushes and placed him in handcuffs. [*Id*. at 42:24-25; 43:1-9].

34. Officer Good had no idea, until after Robinson was arrested and searched, as to whether Robinson had a gun or any other weapon. [ECF No.: 21-3 at 58:14-25; 55:1-3].

35. During the entire ordeal, Robinson never surrendered to law enforcement at any time nor did he ever attempt to voluntarily come out of the bushes. [ECF No.: 21-2 at 88:12-23; ECF No.: 21-3 at 54:14-25; 55:1-3; ECF No.: 21-4 at 28:20-25; 29:22-25; 30:1-8].

36. Furthermore, Robinson never put his hands up or behind his head, nor did he kneel in front of Officer Requejo at any time prior to Bero being deployed to retrieve him from the bushes. [ECF No.: 21-2 at 88:12-23; ECF No.: 21-4 at 29:22-25; 30:1].

37. According to Robinson's own testimony, he did not surrender prior to throwing himself into the bushes because he felt like he still had a chance to get away. [ECF No.: 21-5 at 70:20-23].

Respectfully submitted this  20th  day of  April  2021.


Respectfully submitted,

 /s/ MICHAEL T. BOSTICK
ROBERT M. OLDERSHAW
roldershaw@fortlauderdale.gov
Florida Bar No. 86071
MICHAEL T. BOSTICK
mbostick@fortlauderdale.gov

*Robinson v. Requejo, et al.*
20-61067-CIV-RUIZ

Florida Bar No. 43369
ALAIN E. BOILEAU
CITY ATTORNEY
CITY OF FORT LAUDERDALE
100 North Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:     (954) 828-5940
Facsimile:     (954) 828-5915
*Attorneys for Defendants Eduardo J. Requejo
and Erik N. Good*

*Robinson v. Requejo, et al.*
20-61067-CIV-RUIZ

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices on April 20, 2021 on all counsel or parties of record on the Service List below.

/s/ Michael T. Bostick
MICHAEL T. BOSTICK

## SERVICE LIST

**Tobechuku Tony Nwahiri, Esq.**
Tobe@NwahiriLaw.com
NWAHIRI LAW, PLLC
13499 Biscayne Boulevard, Suite 107
Miami, Florida 33181
Telephone: (305) 345-4117
Facsimile:  (305) 503-4614
*Counsel for Plaintiff*