UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61067-CIV-RUIZ

CARLOS A. ROBINSON, an individual,

    Plaintiff,

vs.

EDUARDO J. REQUEJO, individually,
ERIK N. GOOD, individually,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Defendants, EDUARDO J. REQUEJO ("REQUEJO") and ERIK N. GOOD ("GOOD"), by and through their undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, and Southern District Local Rules 7.1 and 56.1, hereby move for entry of final summary judgment in their favor and against Plaintiff, CARLOS A. ROBINSON ("ROBINSON"), and state as follows in support thereof:

1. In his operative Complaint [DE 1], Plaintiff asserts the following claims against the Defendant Officers in their individual capacities (*see* ECF No.: 1, ¶¶42, 62): (1) excessive force pursuant to 42 U.S.C. § 1983 against Officer Eduardo J. Requejo (Count I), and (2) excessive force pursuant to 42 U.S.C. § 1983 against Officer Erik N. Good (Count II).

2. The gist of Plaintiff's claims, through his Complaint [ECF No.: 1], is that Officers Requejo and Good used excessive force against Plaintiff when affecting his arrest.

Specifically, Plaintiff claims that Officer Requejo released his canine partner ("Bero") after Robinson had peacefully surrendered by kneeling in the parking lot and holding his hands in the air.

3. Plaintiff claims that Officer Good did not stop Bero from biting him or from stopping Officer Requejo from releasing Bero to gain compliance. Plaintiff further claims both Officers Requejo and Good acted willfully, maliciously, in bad faith and with reckless disregard for Plaintiff's constitutional rights.

4. The Officers filed their Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No.: 12] raising appropriate defenses, including the defense of qualified immunity.

5. Based upon the record evidence filed in support of this Motion, the undisputed facts establish that Defendants, Officers Requejo and Good, did not violate Robinson's constitutional rights, are entitled to qualified immunity, and are further entitled to final summary judgment in their favor as a matter of law.

6. In support of this Motion, the Defendants would refer this Honorable Court to their previously filed Notice of Filing [ECF No.: 21] and Statement of Facts in Support of Defendants' Motion for Summary Judgment [ECF No.: 22] and the below Memorandum of Law.

WHEREFORE, Defendants, Officer Requejo and Officer Good, respectfully request that this Honorable Court enter an Order granting this Motion, entering Final Summary Judgment in favor of the Defendants and against Plaintiff on both of Plaintiff's claims against them, and provide any further relief the Court deems just and appropriate.

**STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1(a), Defendants have filed, in conjunction with this Motion, a Statement of Facts in Support of their Motion for Final Summary Judgment in ECF No. 21 as to which it is contended that there does not exist a genuine issue to be tried, which statement is supported by specific references to the documents filed with Defendants' Notice of Filing in Support of Defendants' Motion for Final Summary Judgment and Statement of Material Facts [ECF No.: 21].

**MEMORANDUM OF LAW**

I.   **Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue of fact is "material" if it is a legal element of the claim under applicable substantive law that might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen,* 121 F.3d at 646.  On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322-23; *Allen,* 121 F.3d at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252.  A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is

3

merely colorable or not significantly probative is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

    II.    **DEFENDANTS REQUEJO AND GOOD ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR ON PLAINTIFF'S EXCESSIVE USE OF FORCE CLAIM**

Excessive force claims are treated as seizures subject to the "objective reasonableness" requirement of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 388, 395 (1989). The question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force. *See Id.* "To establish a constitutional violation, the plaintiff must demonstrate the force used was objectively unreasonable." *Estate of Larsen ex rel. Sturdivan v. Murr,* 511 F.3d 1255, 1259 (10th Cir. 2008). Thus, "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Moreover, because "'police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation,' the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective." *Saucier v. Katz*, 533 U.S. 194, 205 (2001) (quoting *Graham*, 490 U.S. at 397). Thus, the "court's focus should be on the circumstances at the moment force was used and on the fact that officers on the beat are not often afforded the luxury of armchair reflection." *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996) (citations omitted).

The "reasonableness" inquiry in an excessive force case is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at

397. Objective reasonableness is assessed based on "whether the totality of the circumstances justified the use of force," and the Court should "pay careful attention to the facts and circumstances of the particular case." *See Murr*, 511 F.3d at 1260 (citation and internal quotation marks omitted). Factors to be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396.

In this case, the record evidence establishes that all three of the *Graham* factors support Officers Requejo and Good's reasonable use of force against Plaintiff. Plaintiff was being arrested for serious crimes (i.e., Grand Theft of an Auto – First Degree, Burglary of an Unoccupied Structure, Aggravated Fleeing to Elude a Law Enforcement Officer, Resisting an Officer without Violence, Fleeing with Disregard of Safety to Person, and Carjacking without Firearm or Weapon), Plaintiff posed an immediate threat to Officers Requejo and Good (i.e., he was believed to have a gun at the time of arrest based off an eye witness statement) by actively resisting arrest (i.e., fighting off the canine dog and failing to comply with officers lawful commands to surrender and stop resisting arrest during officers attempts to get Plaintiff to comply) and attempting to evade arrest by flight (i.e., engaging in a high-speed chase; attempting to carjack a vehicle to evade capture; by hiding in the bushes, which he readily admits to not surrendering because he believed he still could get away). *See Id.* The question is whether Officers Requejo and Good behaved reasonably in the light of the circumstances before them. *See Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002). Based on Officers Requejo and Good's training and experience working with canines, based upon the statements provided by the unknown mail in the parking lot that Plaintiff had a gun, based upon the circumstances (i.e., Plaintiff's refusal to comply with lawful commands to surrender and the threat of a gun) at the moment force was used by Officers Requejo

and Good, and the fact that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving," *Graham*, 490 U.S. at 397, Officers Requejo and Good acted reasonably, as they had probable cause to believe that Plaintiff posed an immediate threat of serious physical harm to himself, potentially to other Officers and bystanders, and was actively resisting arrest and attempted to flee.

Based on the foregoing, there are no genuine issues of material fact and Officers Requejo and Good are entitled to final summary judgment in their favor as a matter of law on Plaintiff's excessive force claim against them.

### III. OFFICERS REQUEJO AND GOOD ARE ENTITLED TO QUALIFIED IMMUNITY

Notwithstanding the foregoing, even if Officers Requejo and Good's use of force were unreasonable and violated the Fourth Amendment, Plaintiff cannot show the violation of a right that was "clearly established," and Officers Requejo and Good are entitled to qualified immunity and summary judgment on Plaintiff's claims. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Qualified immunity should be determined as early in the legal proceedings as possible, as the purpose of the qualified immunity doctrine is "to keep the public official out of the courtroom, free to exercise discretionary duties under clearly established law without the constant threat of lawsuits." *Ansley v. Heinrich*, 925 F. 2d 1339, 1345 (11th Cir. 1991). See *Harbert Int'l v. James*, 157 F. 3d 1271 (11th Cir. 1998) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 814, (1982)). The United States Supreme Court reiterated this in *Saucier v. Katz*, 533 U.S. 194, 200 (2001), holding that "a ruling on that issue [of qualified immunity] should be made

early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Id*. at 200.

Qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)). This "accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Id.* (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)). Qualified immunity exists "to ensure that fear of liability will not 'unduly inhibit officials in the discharge of their duties.'" *Camreta v. Greene*, 563 U.S. 692, 705 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

A three-part test determines whether government agents such as Officers Requejo and Good are eligible for qualified immunity. *See Vinyard v. Wilson*, 311 F.3d 1340, 1346-47 (11th Cir. 2002). First, the government official must show that he was engaged in a "discretionary function" when he committed the allegedly unlawful act. *Holloman v. Harland*, 370 F.3d 1252, 1263-64 (11th Cir. 2004). Once this burden is met, it "shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citation omitted). To avoid the application of qualified immunity, the plaintiff must satisfy the two-prong test articulated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), showing: (1) the defendant violated a constitutional right; and (2) this right was clearly established at the time of the violation. *See Id.* at 201.

Here, it cannot be disputed that Officers Requejo and Good acted within their discretionary authority in attempting to effectuate Plaintiff's arrest and that Officers Requejo and Good acted within their discretionary authority in using force against Plaintiff. Therefore, the Defendants may properly assert the defense and the burden shifts to Plaintiff to demonstrate that qualified immunity is not appropriate—that is, (1) that Officers Requejo and Good violated a constitutional right; and (2) that the right was clearly established at the time of the violation. Plaintiff cannot meet this burden. As demonstrated above, there was no constitutional violation because Officers Requejo and Good did not use excessive force in arresting Plaintiff. Because Plaintiff cannot establish the first prong of his burden—that Officers Requejo and Good violated his constitutional rights, Officers Requejo and Good are entitled to qualified immunity as a matter of law. Therefore, they are entitled to final summary judgment on Plaintiff's excessive force claim for this reason as well.

## CONCLUSION

For all the foregoing reasons, there are no genuine issues of material fact in dispute, and Defendants, Requejo and Good, are entitled to Final Summary Judgment in their favor as a matter of law on each of Plaintiff's claims against them in Counts I and II of the Complaint. Accordingly, Defendants, Requejo and Good, respectfully request this Honorable Court to grant Final Summary Judgment in their favor and against Plaintiff, to dismiss Plaintiff's claims, and for any and all further relief that this Honorable Court deems just and equitable.

Respectfully submitted this  20th  day of  April , 2021.


Respectfully submitted,

 /s/ MICHAEL T. BOSTICK
ROBERT M. OLDERSHAW
roldershaw@fortlauderdale.gov
Florida Bar No. 86071

*Robinson v. Requejo, et al.*
20-61067-CIV-RUIZ

> MICHAEL T. BOSTICK
> mbostick@fortlauderdale.gov
> Florida Bar No. 43369
> ALAIN E. BOILEAU
> CITY ATTORNEY
> CITY OF FORT LAUDERDALE
> 100 North Andrews Avenue
> Fort Lauderdale, Florida 33301
> Telephone:   (954) 828-5940
> Facsimile:    (954) 828-5915
> *Attorneys for Defendants Eduardo J. Requejo and Erik N. Good*

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices on April 20, 2021 on all counsel or parties of record on the Service List below.

> /s/ Michael T. Bostick
> MICHAEL T. BOSTICK

### SERVICE LIST

**Tobechuku Tony Nwahiri, Esq.**
Tobe@NwahiriLaw.com
NWAHIRI LAW, PLLC
13499 Biscayne Boulevard, Suite 107
Miami, Florida 33181
Telephone: (305) 345-4117
Facsimile:  (305) 503-4614
*Counsel for Plaintiff*