UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61067-CIV-RUIZ

CARLOS A. ROBINSON, an individual,

    Plaintiff,

vs.

EDUARDO J. REQUEJO, individually,
ERIK N. GOOD, individually,

    Defendants.

_____/

### DEFENDANTS' EDUARDO J. REQUEJO AND ERIK N. GOOD, OMNIBUS MOTION IN LIMINE AND MEMORANDUM OF LAW

Defendants, EDUARDO J. REQUEJO ("REQUEJO") and ERIK N. GOOD ("GOOD"), by and through their undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, Southern District Local Rule 7.1, hereby submit their Omnibus Motions in Limine, and state as follows:

### BACKGROUND FACTS

The gist of Plaintiff's claim is that Officers Requejo and Good used excessive force against Plaintiff when effecting his arrest. Specifically, Plaintiff claims that Officer Requejo released his canine partner ("Bero") after Robinson had peacefully surrendered by kneeling in the parking lot and holding his hands in the air. Plaintiff further claims that Officer Good did not stop Bero from biting him or from stopping Officer Requejo from releasing Bero to gain compliance. Plaintiff further claims both Officers Requejo and Good acted willfully, maliciously, in bad faith and with reckless disregard for Plaintiff's constitutional rights.

The Officers have denied this and testified that they used no more force than reasonably necessary to effect the arrest of Plaintiff as he was still hiding in thick bushes trying to evade and avoid detection by the Officers after he led them on a high speed chased after stealing a car and committing multiple felonies during the process. The Officers have also raided appropriate defenses, including the defense of qualified immunity.

## MEMORANDUM OF LAW

### I.     Standard

Trial judges are authorized to rule on motions *in limine* pursuant to the authority to manage trials and judges have broad discretion when ruling on such motions. *Hodgetts v. City of Venice*, No. 8:11-cv-00114-EAK-EAJ, 2011 WL 2192810, at *1 (M.D. Fla. June 6, 2011). The purpose of a *motion in limine* is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. *Singh v. Caribbean Airlines Ltd.*, 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. 2014). In resolving evidentiary disputes before trial, motions *in limine* avoid the need to "unring the bell" once inadmissible evidence has been presented to the jury. *Id*.

A district court has broad discretion in determining the admissibility and scope of evidence. Rules 401, 402, and 403 of the Federal Rules of Evidence establish which evidence is relevant and admissible. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible . . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. It is well-established that a district court "is afforded wide latitude in determining issues of relevancy." *Suggs v. Stanley*, 324 F.3d 672, 682 (8th Cir. 2003) (citing *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 739 (8th Cir.

2000)).  "To be relevant, evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, 'but it must in some degree advance the inquiry.'" *E.E.O.C. v. Ind. Bell Tel. Co.*, 256 F.3d 516, 533 (7th Cir. 2001) (Flaum, C.J., concurring in part & dissenting in part) (citation omitted).

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Obviously, evidence is not excluded merely because it is prejudicial, as all evidence is prejudicial; that is why it is used. *Old Chief v. United States*, 519 U.S. 172, 193 (1997); *United States v. Duran*, 407 F.3d 828, 835 (7th Cir. 2005). Rule 403's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986).

Rule 403 discourages unfair prejudice, which is evidence that has "an undue tendency to suggest decision on an improper basis, commonly but not necessarily an emotional one." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006). A court should only exclude evidence as confusing if "the proffered evidence puts [the other party] in the dilemma of choosing between accepting an unfair inference or offering a harmfully confusing rebuttal." 22 Charles Alan Wright, Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5216 (1978). To be excludable under Rule 403, the evidence must be unfairly prejudicial and its probative significance must be substantially outweighed by the danger of that prejudice. *See Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

Hearsay is "a statement other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Under

Rule 802, hearsay is not admissible; this is so principally because testimony is presumptively unreliable. *See, e.g., Foster v. California*, 394 U.S. 440, 449 (1969) (explaining "that such evidence may be unreliable and cannot be put in proper perspective by cross-examination of the person repeating it in Court"); *Brewton v United States*, 391 U.S. 123, 136 n.12 (1968).

## II. **Defendants' Motions *in Limine***

### A. **Motion in Limine to preclude Plaintiff and his treating physicians from testifying as to causation, Plaintiff's physical or mental injury or emotional damages.**

Plaintiff has not disclosed any treating physicians or experts in this litigation. Plaintiff testified at deposition that as a result of the subject incident, he suffered physical and emotional damages, some of it permanent and disabling. Other than an emergency room visit, Plaintiff has not seen a doctor for his claimed physical damages that has related any injury and/or aggravation to the incident, has not treated with any mental health provider and does not take any medication as a result of the incident. Further, while Plaintiff has visible scars from the initial dog bite, there are no other discernable or visible injuries, although Plaintiff has testified, he suffered additional bruising and scarring.

While there are pictures of the dog bite, there are no other pictures that show any other injuries to Mr. Robinson. It would be unfairly prejudiced if Plaintiff is permitted to testify about any other injuries other than the dog bite in an effort to bolster his damages without the ability to cross-examine Plaintiff regarding the conditions at the time of the incident.

Additionally, Plaintiff has no medical or mental health training. Plaintiff should be prohibited from testifying or arguing at trial that he has suffered any other injuries, including bruising, lower back pain, exacerbation or aggravation of prior injuries or from testifying that he suffered psychological, psychiatric or emotional damages as a result of the incident, as he is not a doctor or mental health professional and is not qualified to render such an opinion.

Based on Plaintiff's witness list, interrogatory answers, and deposition testimony, Defendants anticipate that Plaintiff may, directly and/or through his own testimony attempt to introduce evidence of causation; more specifically, that the subject incident proximately caused Plaintiff's physical claims, mental health and/or psychological damages. Defendants also anticipate that Plaintiff may seek to proffer testimony and evidence as to Plaintiff's alleged future medical and/or mental health care and treatment. Plaintiff did not disclose any medical provider on his witness list. In the event that Plaintiff intends to introduce any testimony regarding treatment or medical causation, other than the actual dog bite, Plaintiff failed to comply with Rule 26 because he did not provide any expert witness summaries and/or reports for these treating physicians, and accordingly, they must be precluded from offering any expert opinions in this case. Plaintiff should also be precluded from offering any such causation testimony as the same would be classic hearsay.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that Plaintiff's expert disclosures "must be accompanied by a written report -- prepared and signed by the witness." *See* Fed. R. Civ. P. 26(a)(2)(B). Further, the Rule requires that the written report must contain a complete statement of *all opinions the witness will express and the basis and reasons for those opinions; the facts, data or other information considered by the witness in forming them; and any exhibits that will be used to summarize or support them*; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2) (B)(i)-(vi) (emphasis added). These requirements are designed "to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other

witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008); *see also,* Fed. R. Civ. P. 26, Advisory Committee's Note (expert reports must be detailed and complete); *Reed v. Binder*, 165 F.R.D. 424 (D.N.J. 1996) (holding that expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions).

Further, while treating physicians typically do not fall within Rule 26(a)(2)(B), the mere fact that an expert is a treating physician is not determinative. *See In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012). There are circumstances where a treating physician effectively becomes a specially employed expert who must comply with the disclosure requirements of Rule 26(a)(2)(B). *Id*. "In determining whether a Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." *Id*. "[T]reating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." *Id*.

In *Nagle v. Mink*, No. 10-cv-01935-PAB-MEH, 2011 WL 3861435, at *3 (D. Colo. Aug. 29, 2011), the court, in considering the same issue, stated, "Although a witness'" records as a treating physician may, in some instances, obviate the need for a report, "[i]t is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." When a witness' testimony is limited to "his observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training." Under these circumstances, no Rule 26(a)(2)(B) report is necessary. However, when a witness "opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it...and [is] giving an opinion formed because

6

there is a lawsuit."... [In that case], the witness is considered "retained or employed" under Rule 26(a)(2)(B) and must file a written report accordingly. *Id.*

Similarly, in *Muzaffar v. Ross Dress for Less, Inc.*, No. 12-61996-Civ., 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013), the court held that "when the testimony of the treating physician or provider ... includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)." *Id.*; *see also Kilpatrick v. Breg*, No. 08-10052-CIV., 2009 WL 2058384, at *11 (S.D. Fla. June 25, 2009) (treating physicians who have not completed expert reports pursuant to Rule 26 may not testify as experts and may only testify as lay witnesses to matters within the scope of their own personal observation, such as treatment, but not causation) (citing *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (treating physician impermissibly offered expert testimony on causation where determining causation was not necessary to the patient's treatment)). In the instant matter, Plaintiff has not disclosed any expert witnesses. As Plaintiff has not produced a report containing the opinions of any treating physicians that support a diagnosis post-traumatic stress disorder, anxiety, or some other mental health condition, he has failed to comply with Rule 26(a)(2)(B). Therefore, Plaintiff's treating physicians, should any testimony be proffered, must be excluded from testifying as to causation, prognosis, or impairment.

Although typically, Plaintiff's treating providers may testify regarding their treatment of the Plaintiff as lay witnesses within the scope of their own personal observation, they should be precluded from offering opinions as to causation, other than the dog bite itself, prognosis or future implications of the injury given that Plaintiff failed to provide a full report containing opinions that support a diagnosis of post-traumatic stress disorder, anxiety, or some other mental health condition, in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

*U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).

Plaintiff may not simply rely upon a designation of treating physician to avoid producing written reports, because "treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." *In re Denture Cream Prod. Liab. Litig.,* 2012 WL 5199597, at *4 (S.D. Fla. 2012) (citing *Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011). A treating physician may be subject to Rule 26(a)(2)(C) as to portions of his or her testimony and may be deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions. *Id.* (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997). In its decision in *In re Denture Cream Prod. Liab. Litig.,* the District Court found plaintiffs simply asserted their designated experts were un-retained treating physicians and summarily concluded that full written reports were not required, which is the scenario presented in the instant case. *Id.* *5. The Court stated that the title "treating physician" does not carry the day for the plaintiffs; instead, the plaintiffs must show the substance of such designated experts' testimony does not require a full written report. *Id. (*citing *See Singletary v. Stops, Inc.,* 2010 WL 3517039 at *6). The Court continued, "Inasmuch as plaintiffs" treating physicians are opining on causation – either specific or general – Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment. *Id.* (citing *Goodman,* 644 F.3d at 826).

In light of the Plaintiff's failure to provide any Rule 26(a)(2)(B) reports from "treating physicians," and the fact that Plaintiff has not designated any treating physicians as witnesses, Plaintiff should be precluded from offering opinions on general or specific causation pertaining to Plaintiff's alleged physical injuries, emotional damages, or any other mental health condition.

**B. <u>There Should Be No Reference To The Plaintiff And City or Officers' Economic Standing.</u>**

The Defendants anticipate the Plaintiff will attempt to reference his limited resources, the Officers financial resources, whether individually or as Police Officers of Fort Lauderdale, and/or the parties' respective economic standing to garner the jury's sympathy. However, testimony or evidence regarding Plaintiff's limited resources or need for financial compensation will be offered for the sole purpose of unfairly prejudicing the jury into being sympathetic towards Plaintiff. *See U.S. v. Socony Vacuum Oil Co.,* 310 U.S. 150 (1940) (discussing that evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error). Defendants respectfully submit that any testimony or evidence regarding the parties' economic standing is devoid of any connection to the issues.

In *Socony Vacuum Oil* the U.S. Supreme Court held that appeals to class are highly improper and urged trial courts to be alerted to prevent such discourse. Such comments, which serve only to misdirect the jury's attention from the factual and legal issues at hand, are improper and impermissible. *See U.S. v. Socony Vacuum Oil Co.,* 310 U.S. 150 (1940). This Court should permit no reference to Plaintiff's wealth or poverty. *See Brough v. Imperial Sterling, Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002).

It would be wholly inappropriate for Plaintiff or his counsel to discuss before the jury the financial condition of the parties as there is no issue in this case to which Plaintiff's financial condition, the Officers or the City's financial condition, or any disparity between the two is relevant. Introduction of such evidence and/or reference would allow the jury to be guided by sympathy for the Plaintiff rather than allowing the jury to render a verdict consistent with the law and facts. Accordingly, Defendants respectfully request this Court instruct Plaintiff and his counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any

manner, either directly or indirectly, reference to the relative financial condition of Plaintiff and/or Defendants or City.

### C. There Should Be No Comments By Counsel Concerning Personal Knowledge Or Justness Of The Plaintiff's Cause Of Action.

Courts have long held that an attorney may not express his personal opinion on the justness of a plaintiff's case or comment on his personal knowledge of the facts of a case. *See U.S. v. Young*, 470 U.S. 1 (1985); *Polansky v. CNA Ins. Co.*, 852 F.2d 626, 627-28 (1st Cir. 1988); *Fineman v. Armstrong World Indus.*, 774 F. Supp. 266, 270 (D.N.J. 1991).

### D. Plaintiff Should Be Precluded From Making Improper Statements Of Law Before The Jury.

The responsibility for jury instructions on applicable law and its meaning rests solely with the trial court. Any discussion by attorneys concerning applicable law before the Court's instruction to the jury concerning same is both misleading and confusing to the jury. *See U.S. v. Crockett*, 813 F.2d 1310 (4th Cir. 1987) (court properly prevented defense counsel from arguing to the jury his definition of reasonable doubt in closing argument). Similarly, arguments that misstate the law or suggest that the law should be disregarded in deciding a particular case are improper. *See Eberhardt v. State*, 550 So.2d 102 (Fla. 1st DCA 1989). Accordingly, Defendants request this Court enter an Order preventing Plaintiff's counsel from discussing the applicable law before the Court's instruction to the jury concerning same.

### E. Discussion Of Law During Voir Dire Should be Precluded.

Arguments that misstate the law or suggest the law should be disregarded in deciding particular cases are improper. The purpose of *voir dire* is "to ascertain the qualifications of persons drawn as jurors and whether they would be absolutely impartial in their judgment." *Mizell v. New Kingsley Beach, Inc.*, 122 So. 2d 225 (Fla. 1st DCA 1960). Therefore, it is improper to use *voir*

*dire* to "condition" prospective jurors on the merits of the case. *See Tampa Electric Co. v. Bazemore,* 96 So. 297 (Fla. 1923) (improper to interrogate juror concerning merits of case and applicable law). Defendants respectfully request this Court enter an Order prohibiting Plaintiff's counsel from discussing the applicable law during voir dire.

### F. Reference To Jury Verdict Or Settlement In Unrelated Cases.

It is reversible error to allow argument concerning a jury's award or settlement in an unrelated case. *See Wright and Ford Millworks, Inc. v. Long,* 412 So. 2d 892 (Fla. 5th DCA 1982). The Plaintiff and his counsel should be precluded from doing the same.

### G. Inflammatory Language Or Evidence Is Improper and Inadmissible.

Words and evidence put forth by the Plaintiff which solely aims to inflame and prejudice the jury must be stricken. This includes photographs, testimony, and other documents which serve only to provoke sympathy and empathy from the jury. Inflammatory, irrelevant evidence is improper and inadmissible, and under appropriate circumstances, its admission may constitute reversible error. *Brandom v. U.S.*, 431 F.2d 1391 (7th Cir. 1970); *cert. den'd*, 400 U.S. 1022 (1970). This Court has wide discretion in excluding testimony and statements which may confuse issues or inflame the jury. *See U.S. v. Ravich*, 421 F.2d 1196 (2d Cir. 1970). Accordingly, Defendants request this Honorable Court enter an Order preventing Plaintiff's counsel from using inflammatory language which aims to inflame and prejudice the jury.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he has communicated with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion, and that he agrees with C and D but we were unable to reach an agreement on the remaining matters but will discuss further to narrow any issues remaining.

*Robinson v. Requejo, et al.*
20-61067-CIV-RUIZ

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants, EDUARDO J. REQUEJO and ERIK N. GOOD respectfully request this Honorable Court enter an Order granting the foregoing Motions *in limine* and precluding the introduction of the testimony and evidence referenced above.

Respectfully submitted this  18th  day of May 2021.

Respectfully submitted,

 /s/ ROBERT M. OLDERSHAW
ROBERT M. OLDERSHAW
roldershaw@fortlauderdale.gov
Florida Bar No. 86071
ALAIN E. BOILEAU
CITY ATTORNEY
CITY OF FORT LAUDERDALE
100 North Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:    (954) 828-5940
Facsimile:    (954) 828-5915
*Attorneys for Defendants Eduardo J. Requejo and Erik N. Good*

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices on May 18, 2021 on all counsel or parties of record on the Service List below.

 /s/ Robert M. Oldershaw
ROBERT M. OLDERSHAW

*Robinson v. Requejo, et al.*
20-61067-CIV-RUIZ

## SERVICE LIST

**Tobechuku Tony Nwahiri, Esq.**
Tobe@NwahiriLaw.com
NWAHIRI LAW, PLLC
13499 Biscayne Boulevard, Suite 107
Miami, Florida 33181
Telephone: (305) 345-4117
Facsimile: (305) 503-4614
*Counsel for Plaintiff*