UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CARLOS A. ROBINSON, an individual.<br>　　　　　Plaintiff,<br><br>v.<br><br>EDUARDO J. REQUEJO, individually;<br>ERIK N. GOOD, individually;<br>　　　　　Defendants. | CASE NO. 0:20-CV-61067-RAR |

## AMENDED JOINT PRETRIAL STIPULATION

Plaintiff, Carlos Robinson ("Mr. Robinson"), and Defendants, Officer Eduardo Requejo ("Requejo") and Officer Erik N. Good ("Good"), hereby file this Amended Joint Pretrial Stipulation pursuant to the Court's September 28, 2020 Order Scheduling Jury Trial.

**I.　　STATEMENT OF THE CASE**

Plaintiff, Carlos Robinson, seeks compensatory and punitive damages against Defendants, Officer Eduardo Requejo and Officer Erik Good, pursuant to 42 U.S.C. § 1983. Mr. Robinson alleges that on June 14, 2016, Officer Eduardo Requejo and Officer Erik Good violated his Fourth and Fourteenth Amendment constitutional rights by using excessive force while placing Mr. Robinson under arrest.

The Plaintiff Claims the following:

Mr. Robinson's claim in this case is that Officer Requejo unreasonably seized Mr. Robinson with excessive force by commanding Bero to bite Mr. Robinson, after he surrendered, and failed to order Bero to release Mr. Robinson within a reasonable period of time, which constituted excessive force under the circumstances and resulted in compensable injuries. Further, Mr. Robinson claims that Officer Good failed to intervene in Officer Requejo's use of

excessive force, and rather used excessive force by striking Mr. Robinson repeatedly with a metal flashlight, which also constituted excessive force under the circumstances and resulted in compensable injuries.

The Defendants claim the following:

Both Officer Requejo and Officer Good deny Mr. Robinson's claims asserted against them. The Officers assert that Robinson, after stealing a Mercedes Benz Automobile at Mercedes Benz of South Florida at approximately 4:30 am, led the Fort Lauderdale Police on a high-speed chase, reaching in excess of 120 miles per hour, down I-595, and then south on University Drive, driving through multiple red-lights, in an effort to evade police and escape capture. The Officers also assert that after crashing the stolen car, Robinson then fled the crashed car and tried to climb into another car driven by Mr. Hussain Mansour at about 5:00 a.m. Upon being refused entry by Mr. Mansour, Mr. Robinson then dove into some thick bushes and laid on his stomach on the ground in a further attempt to evade capture by the police.

Officer Requejo asserts he arrived on scene and began tracking Mr. Robinson with his K-9 Bero from the crashed Mercedes Benz to the thick foliage where Mr. Robinson was eventually found lying trying hide in the thick bushes. Officer Requejo received information that Mr. Robinson may be armed from an independent witness in the Wal-Mart parking lot where this incident took place. Officer Requejo was alerted by Bero that someone was hiding in the dark thick bushes. Not being able to see Mr. Robinson in the bushes, and because of the darkness and the fact he was laying down on the ground, Officer Requejo could not tell if he had a weapon.

*Carlos Robinson v Eduardo J. Requejo, et al.*
Case No.: 0:20-CV-61067-RAR

Officer Requejo then gave several commands to come out and surrender or he would release Bero. Mr. Robinson refused to acknowledge his presence and continued to try and hide to avoid detection. Officer Requejo released Breo in order to effect the arrest and protect those around him, police and civilians. According to Officer Requejo, at no time before releasing Bero into the bushes did Mr. Robinson ever come out, stand-up or make any indication he was surrendering.

Officer Requejo also asserts K-9 Bero made contact with Mr. Robinson in the bushes. Officer Good immediately then went into the bushes, to assist with the arrest all the while telling Mr. Robinson to avoid resisting arrest so the dog could release his grip. Mr. Robinson was pushing Bero away and fighting with Bero to get Bero off him but did not stop resisting arrest. Officer Good, now deep in the bushes used his flashlight to strike Mr. Robinson's arm to release his grip from Bero so that an arrest could be made. At no time was more force used than was reasonably necessary to arrest Mr. Robinson, who was later convicted of three felonies. Officer's Good and Requejo assert that any damages from Bero that Mr. Robinson might have sustained, were the result of Mr. Robinson's own voluntary actions to try and evade police and hide in the thick bushes in hopes he would go undetected and not be charges with the crimes he committed. They both deny they used unreasonable force to effect the arrest of Mr. Robinson.

Both parties stipulate:

The parties have stipulated that, at all material times, Officer Requejo and Officer Good acted under color of state law and that the arrest of Mr. Robinson was in the course and scope of

*Carlos Robinson v Eduardo J. Requejo, et al.*
*Case No.: 0:20-CV-61067-RAR*

their employment as an Officer for the City of Ft. Lauderdale, Florida. The parties have stipulated that Officer Requejo ordered his K9 partner, Bero, to engage Mr. Robinson, in the process of arresting Mr. Robinson. The parties have also stipulated that Mr. Robinson's arrest was lawful.

## II. THE BASIS OF FEDERAL JURISDICTION

This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,1343.

## III. THE PLEADINGS RAISING THE ISSUES

The Pleadings raising the issues in this case are Plaintiff's Complaint [DE 1] and Defendants' Answer [DE 12].

## IV. UNDISPOSED MOTION OR OTHER MATTERS REQUIRING COURT ACTION

- Plaintiff's Motion in Limine. [DE 33].
- Defendant's Motion in Limine. [DE 32].

## V. A CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF

- Mr. Robinson has been convicted of three felonies for purposes of impeachment under Fed. R. Evid. 609.
- Mr. Robinson has not been convicted of a misdemeanor crime involving dishonesty for purposes of impeachment under Fed. R. Evid. 609.

*Carlos Robinson v Eduardo J. Requejo, et al.*
*Case No.: 0:20-CV-61067-RAR*

- Officer Requejo and Officer Good, at all material times, were canine officers with the City of Ft. Lauderdale Police Department.

- Officer Requejo, with his K9, had probable cause to pursue and look for Mr. Robinson who was fleeing and eventually hid in the bushes.

- On June 14, 2016, Officer Requejo ordered his K9 partner, Bero, to engage Mr. Robinson, during a lawful arrest of Mr. Robinson.

- Officer Requejo is responsible for ordering Bero to engage a suspect and ordering Bero to release a suspect.

- Bero has never disobeyed an order to release a suspect when commanded to do so by Officer Requejo.

- Officer Good used a flashlight to strike Mr. Robinson during the course of the arrest of Mr. Robinson, at the same time Mr. Robinson was being bitten by Bero.

- Officer Requejo, at all relevant times in this case, acted under color of state law.

- Officer Good, at all relevant times in this case, acted under color of state law.

- Mr. Robinson's arrest was lawful.

**VI.  ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL**

- Whether Officer Requejo intentionally used excessive force against Mr. Robinson on June 14, 2016 by commanding Bero to bite Mr. Robinson after he surrendered for an arrest and/or by allowing Bero to bite Mr. Robinson for a prolonged period of time; and if so, whether Officer Good failed to intervene.

*Carlos Robinson v Eduardo J. Requejo, et al.*
*Case No.: 0:20-CV-61067-RAR*

- Whether Officer Good intentionally used excessive force against Mr. Robinson on June 14, 2016 by striking him with a metal flashlight.

- Whether Officer Requejo's actions caused Mr. Robinson's injuries.

- Whether Officer Good's actions caused Mr. Robinson's injuries.

- Whether Officer Requejo and Officer Good acted with evil motive or intent, or reckless or callous indifference to Mr. Robinson's federally protected rights.

- The nature, extent, and amount of Mr. Robinson's compensatory damages if any, for the injuries he sustained.

- Whether punitive damages should be assessed against Officer Requejo and Officer Good, and if so, in what amount.

**Not Stipulated To:**

- Whether Mr. Robinson, in trying to evade and hide from the police after stealing a car and leading them on a high-speed chase before hiding in thick foliage, was responsible for his own injuries.

- Whether Mr. Robinson surrendered to Officer Requejo before Bero was released to pull him from the thick bushes.

- Whether Mr. Robinson came out of the bushes to surrender or whether he remained laying prone deep in the bushes to avoid detection, while Officer Requejo was searching for him with Bero.

- Whether it was so dark that Officer Requejo could not see Mr. Robinson laying prone in the thick bushes and thus was reasonably necessary to send in Bero to effect the arrest.

- Whether Mr. Robinson was resisting arrest, trying to avoid capture while hiding in thick bushes thus making it necessary to engage Bero in effecting his arrest.

- Whether Officer Good's actions were reasonably necessary to effect the arrest when Mr. Robinson was fighting with Bero, while still in the thick bushes.

- Whether both Officer Requejo and Good's used only the forced reasonably necessary to effect the arrest of Mr. Robinson.

### VII. CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT

- This is a Fourth and Fourteenth Amendment excessive force case.

- This Court has jurisdiction over the subject matter and the parties.

- Venue is proper.

### VIII. CONCISE STATEMENT OF ISSUES OF LAW ON WHICH REMAIN FOR DETERMINATION BY THE COURT

- Mr. Robinson is entitled to seek reasonable attorney's fees under 42 U.S.C. §1988 if he is the prevailing party.

- Officer Requejo and Officer Good are entitled to seek reasonable attorney's fees under 42 U.S.C. § 1988 if they are the prevailing party.

- Whether Officer Requejo is entitled to qualified immunity for his actions during the arrest of Mr. Robinson.

*Carlos Robinson v Eduardo J. Requejo, et al.*
*Case No.: 0:20-CV-61067-RAR*

- Whether Officer Good is entitled to qualified immunity for his actions during the arrest of Mr. Robinson.

### IX.  TRIAL EXHIBITS (The Parties Reserve the Right To Amend This List)

Plaintiff's Exhibits:

- Pictures of Hussein Mansour's vehicle near location of arrest.
- Pictures of Mr. Robinson's fresh injuries taken at hospital.
- Pictures of Mr. Robinson's stitches taken days after incident.
- Medical records from Broward Health

Defendant's Exhibits:

- Pictures of the bushes where Plaintiff was hiding after he crashed the Mercedes Benz
- Plaintiff's medical records from Memorial Healthcare. **(The Plaintiff objects to the introduction of all of the records from Memorial except the visit on 7/1/2016. The objection is relevance and prejudicial.)**
- Plaintiff's medical records from Doctor's Medical Center. **(The Plaintiff objects to the introduction of all of the records from Doctors, except the visits after the date of the incident (June 14, 2016). The objection is relevance and prejudicial.)**
- Plaintiff's answers to interrogatories.
- Plaintiff's booking photo.
- Certified copies of Plaintiff's convictions.

*Carlos Robinson v Eduardo J. Requejo, et al.*
Case No.: 0:20-CV-61067-RAR

- Police report in its entirety – 34-1606-088835 (**Objection as to relevance and hearsay**)

- Photographs taken of scene and Robinson by the City of Fort Lauderdale Police Department

- Depositions

    Eduardo J. Requejo taken February 2, 2021 **(Objection relevance and hearsay, if used for any other purpose than impeachment)**
    Erik N. Good taken April 2, 2021**(Objection relevance and hearsay, if used for any other purpose than impeachment)**
    Hussain Mansour taken April 6, 2021**(Objection relevance and hearsay, if used for any other purpose than impeachment)**
    Carols Robinson taken February 23, 2021 **(Objection relevance and hearsay, if used for any other purpose than impeachment)**

- Witness interview statements

    Hussain Mansour taken July 14, 2016 **(Objection relevance and hearsay, if used for any other purpose than impeachment)**
    Carlos Robinson taken June 17, 2016 **(Objection relevance and hearsay, if used for any other purpose than impeachment)**

- Video tapes

    Interview of Carlos Robinson taken June 14, 2016 **(Objection relevance and hearsay, if used for any other purpose than impeachment)**
    Mercedes Benz Dealership video taken June 14, 2016 (**Objection as to relevance**)

    X.   **LIST OF WITNESSES (The Parties Reserve the Right To Amend This List)**

Plaintiff's Witnesses Are:

- Carlos Robinson

- Officer Eduardo Requejo

9

- Officer Erik N. Good

- (May Call) Hussein Mansour, address unknown at the time.

Defendant's Witnesses are:

- Carlos Robinson

- Officer Eduardo J. Requejo

- Officer Erik N. Good

- Hussain Mansour

- Mary Hawkins and/or Chip Meissner of Atlas Packaging and Displays – 13165 NW 38th Avenue, Opa Locka, Florida (whom Plaintiff claims was his employer)

- Jeffrey A. Knapp – Fort Lauderdale Police Department

- Marc Decarlo – Fort Lauderdale Police Department

- Jose Pinto-Gonzalez – Fort Lauderdale Police Department

- Mary Delvalle – Fort Lauderdale Police Department

- Denise Melanson – Fort Lauderdale Police Department

- Karl Robertson – Fort Lauderdale Police Department

- Mary Gurshwa – Fort Lauderdale Police Department

- Joseph Viola and/or Richard G. Himmel – Mercedes Benz of South Florida – 2411 S. Federal Highway, Fort Lauderdale, Florida (from whose premises the car was stolen)

**XI. ESTIMATED TRIAL TIME**

It is estimated that this trial will last approximately 3-4 days.

*Carlos Robinson v Eduardo J. Requejo, et al.*
*Case No.: 0:20-CV-61067-RAR*

## XII. ESTIMATE AS TO MAXIMUM ALLOWED ATTORNEY'S FEES

For the Plaintiff, a reasonable attorney fee amount of $400/hr would be properly allowable. Defendants believe $250 to $300/hr would be more properly allowable, although Defendants do not concede that Plaintiff is allowed attorney fees.

## XIII. MISCELLANEOUS

The parties have agreed to waive the calling of Records Custodians.

DATED: July 14, 2021.

Respectfully submitted,

| | |
|---|---|
| NWAHIRI LAW, PLLC<br>13499 Biscayne Boulevard, Suite 107<br>Miami, Florida 33181<br>Telephone: 305.345.4117<br>Facsimile: 305.503.4614 | ALAIN E. BOILEAU<br>CITY ATTORNEY<br>CITY OF FORT LAUDERDALE<br>100 N. Andrews Avenue<br>Ft. Lauderdale, FL 33301<br>Telephone: 954.828.5940<br>Facsimile: 954.828.5915 |
| s/*Tobechuku Nwahiri*<br>Tobechuku Tony Nwahiri, Esq.<br>Florida Bar No. 112107<br>Tobe@NwahiriLaw.com<br><br>*Counsel for Plaintiff, Carlos A. Robinson* | *s/Robert M. Oldershaw*<br>Robert M. Oldershaw, Esq.<br>Florida Bar No. 86071<br>roldershaw@fortlauderdale.gov<br><br>*Counsel for Defendant, Eduardo J. Requejo and Erik N. Good* |

*Carlos Robinson v Eduardo J. Requejo, et al.*
*Case No.: 0:20-CV-61067-RAR*

MARTIN, LISTER & ALVAREZ
1655 N. Commerce Parkway, Suite 102
Weston, Florida 33326
Telephone: 954-659-9322 Ext 305
Facsimile:  954-954-9909

*/s/ Tamatha S. Alvarez*
Tamatha S. Alvarez, Esq.
Florida Bar No.: 151467
Tsalaw@hotmail.com

*Co-Counsel for Defendant,*
*Eduardo J. Requejo and Erik N. Good*