**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-61067-RAR**

**CARLOS ANTWON ROBINSON**,

    Plaintiff,

v.

**OFFICER EDUARDO J. REQUEJO**, *et. al*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

**THIS CAUSE** comes before the Court on Plaintiff's Motion for New Trial and Request for Hearing [ECF No. 74] ("Motion"). The Court has reviewed the Motion, Defendant's Response [ECF No. 79], Plaintiff's Reply [ECF No. 83], the relevant portions of the record, and is otherwise fully advised. For the reasons stated below, Plaintiff's Motion [ECF No. 74] is **DENIED**.

## BACKGROUND

Plaintiff Carlos Antwon Robinson filed this action against Defendants, Officer Eduardo J. Requejo and Officer Erik N. Good, asserting claims under 42 U.S.C. section 1983, based on allegations that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by using excessive force and unlawfully seizing Plaintiff. *See* Compl. [ECF No. 1]. Plaintiff's claims arose on June 14, 2016—when Plaintiff was arrested and charged with (1) Grand Theft of an Auto – First Degree; (2) Burglary of an Unoccupied Structure; (3) Aggravated Fleeing to Elude a Law Enforcement Officer; (4) Resisting an Officer without Violence; (5) Fleeing with Disregard of

Safety to Person; and (6) Carjacking without Firearm or Weapon.[1]  After engaging in the conduct giving rise to these charges, Plaintiff was apprehended by Officers Good and Requejo with the aid of Officer Requejo's canine partner Bero.

The gist of Plaintiff's claims is that Officers Requejo and Good used excessive force against Plaintiff when effecting his arrest.  *See generally* Compl.  Specifically, Plaintiff claims that Officer Requejo released Bero on Plaintiff *after* Plaintiff had peacefully surrendered by kneeling in the parking lot with his hands in the air.  Additionally, Plaintiff contends that Officer Good did not stop Officer Requejo from releasing Bero to force Plaintiff to surrender and did not take steps to prevent Bero from biting Plaintiff.  Plaintiff further claims that both Officers Requejo and Good acted willfully, maliciously, in bad faith, and with reckless disregard for Plaintiff's constitutional rights.

This matter went before the Court for trial by jury on August 3–6, 2021. On August 6, 2021, the jury rendered its verdict, finding for the Defendants.  On August 9, 2021, Plaintiff filed the instant Motion for new trial, alleging two grounds: 1) the admission of allegedly improper expert testimony by Sergeant Paul Cristafaro and 2) prejudicial extrinsic influence on the jury.

## **LEGAL STANDARD**

The decision to grant a new trial pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure is "committed to the discretion of the trial court."  *Peer v. Lewis*, No. 06-60146, 2008 WL 2047978, at *3 (S.D. Fla. May 13, 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1296 (11th Cir. 1999)).  Rule 59(a)(1)(A) states that a court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."

---

[1] Robinson pled no contest and was ultimately convicted of: (1) Grand Theft of an Auto – First Degree; (2) Burglary of an Unoccupied Structure; and (3) Aggravated Fleeing to Elude a Law Enforcement Officer. *See* Plaintiff's Answer to Interrogatory No. 25 [ECF No. 21-1 at 6].

When ruling on a Rule 59(a) motion for new trial, the trial judge must determine "if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." *Ins. Co. of N.A. v. Valente*, 933 F.2d 921, 923 (11th Cir. 1991) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)).

Although no exhaustive list of reasons exists, according to the Supreme Court a motion for a new trial may be brought in several circumstances, including when "the verdict is against the weight of the evidence,[] damages are excessive, or [if], for other reasons, the trial was not fair to the [moving party]; and [a motion for new trial] may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 432 F. Supp. 2d 1319, 1334 (S.D. Fla. 2006) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). In assessing evidentiary rulings already made by this Court, the question is whether the exclusion or admission of evidence affected Plaintiff's substantial rights. *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1446 (11th Cir. 1984). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Id.* Here, as the movant, Plaintiff bears the burden of showing that the ruling(s) affected his substantial rights. *Id.*

## **ANALYSIS**

After a four-and-a-half-day jury trial, the jury properly found in favor of Defendants. Three days later, Plaintiff, regretting his strategic decision to stipulate to Sargeant Cristafaro's trial testimony in exchange for the introduction of various K9 Unit policies and procedures, filed the instant Motion for new trial under Rule 59. But Rule 59 does not allow parties to reconsider their strategy after a jury has spoken. Accordingly, Plaintiff's Motion warrants denial.

**I.      Plaintiff and Defendants Stipulated to Allow Sargeant Cristafaro's Trial Testimony and Cristafaro's Testimony Was Properly Admitted as Hybrid Witness Testimony.**

Generally, under Federal Rule of Civil Procedure 26(a)(2)(A), parties are required to disclose the identity of any witness who is expected to provide expert testimony under Federal Rule of Evidence 702, 703, or 705. Further, Rule 26(a)(2)(B) requires a witness to prepare a written report if the witness is "retained or specially employed to provide testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). In the case of hybrid witnesses, however, parties are only required to disclose: (i) the subject matter on which the expert is expected to present evidence, and (ii) a summary of the facts and opinions to which the witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C); *Pediatric Nephrology Assocs. v. Variety Children's Hosp.*, No. 16-24138, 2017 WL 5665346, at *5 (S.D. Fla. Nov. 6, 2017) (citation omitted).

Hybrid witnesses are non-retained witnesses who can provide both fact and opinion testimony that is grounded in their scientific, technical, or specialized knowledge. *Id.* at *4. A hybrid witness may testify as to "their observations based on personal knowledge as well as their lay opinions, consistent with Rule 701, when such opinion testimony is based upon the witness' experience as a professional *and is helpful in understanding the witness' decision making process*." *See Kaplan v. Kaplan*, No. 10-00237, 2012 WL 1660605, at *2 (M.D. Fla. May 11, 2012) (emphasis added) (citing *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011)).

Here, Sargeant Cristafaro was not retained as an expert and certainly did not testify as an expert—rather he provided mixed fact and opinion testimony based on his personal involvement with this case. This issue was adequately addressed at trial, following Cristafaro's testimony and outside the presence of the jury, as the Court explained:

> **The Court:** So, the reason why I want my ruling to be very clear. The witness in this case did not need to provide a written report as a true expert witness under Rule 26 and specifically the reason is, we know now hearing the testimony that this really is probably best described as almost a hybrid witness . . . And therefore, hybrid witnesses under the case law under 26(a)(2)(C) only fall into having to provide as I'm sure was done here a summary of the fact and opinions to which they're going to testify.[2]

Thus, the Court clearly found that Rule 26(a)(2)(A)'s requirements did not apply to Cristafaro given that he possessed direct and personal knowledge of the incidents in question through the ordinary course of his position as a sergeant and supervisor. Instead, as a hybrid witness, the requirements of 26(a)(2)(C) applied—which required the Defendants to disclose only "a summary of the facts and opinions to which [Cristafaro] is expected to testify."

In his Motion, Plaintiff does not appear to specifically argue that Defendants did not satisfy the requirements of Rule 26(a)(2)(C). But even if that were part of Plaintiff's argument, Rule 26(a)(2)(C)'s requirements govern "*absent* a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(C). Here, at the eleventh hour, the parties stipulated to the admission of Cristafaro's trial testimony in exchange for the admission of certain K9 Unit policies and procedures which Plaintiff's counsel sought to introduce. Specifically, as Plaintiff's counsel explained:

> **Mr. Nwahiri:** Now this witness became a witness last minute based off of an agreement of the parties. . . because I wanted to introduce the policy into evidence and so the agreement was that, you know, I could introduce the policy into evidence and if you allow us to bring this guy to testify. And so, my understanding was that he was going to be testifying to the policies and procedures but we started to veer off from our agreement.

Thus, counsel made the strategic decision to agree to allow Cristafaro to testify regarding the very policies and procedures Plaintiff wanted admitted into evidence. Cristafaro's testimony necessarily implicated the circumstances that led to Officer Requejo's deployment of Bero,

---

[2] Although the Court does not have an official transcript, it has reviewed the audio recording of the trial to ensure that all quotes are verbatim.

Page **5** of **10**

including how Bero apprehended Robinson, and whether—under the very policies Plaintiff requested to admit—the Officers' actions constituted excessive force requiring internal disciplinary action such as a reprimand or additional training. Cristafaro's opinion regarding Plaintiff's likely "prone" position at the time he was apprehended by Bero was generated in the course and scope of his direct involvement as the supervising sergeant reviewing this matter, as required by the department, and thus it is a lay opinion from someone with direct involvement in the case. Evidently, Plaintiff wishes he could go back in time and undo the parties' stipulation to allow Cristafaro to testify at trial. But it is "well-settled" that a Rule 59 motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Moreover, Plaintiff's argument that Cristafaro cannot be considered a hybrid witness because "he is not an employee of Officer Requejo and Officer Good, but rather a co-worker," Mot. at 4, is of no moment. As the Court explained to the parties during the trial, a hybrid witness such as Cristafaro may testify as to observations or lay opinions "when such opinion testimony is based upon the witness' experience as a professional *and is helpful in understanding the witness' decision making process*." *See Kaplan*, 2012 WL 1660605, at *2 (emphasis added). Here, as a supervisor, Cristafaro was responsible for reviewing the entire incident report, including all aspects of the deployment of K9 Bero, so that he could make a decision as to whether the Officers' actions violated the policies and procedures of the City of Fort Lauderdale Police Department, and specifically its K9 Unit protocols.

Finally, Plaintiff's reliance on *Preto v. Malgor*, 361 F.3d 1313, 1318-19 (11th Cir. 2004) is misplaced. In *Preto*, the defense in an excessive force case called an employee at trial and

"proffered him as an expert on police procedures and the use of force." *Id*. at 1316. The witness in *Preto* stated that he had "testified and been qualified in federal and state courts as an expert in use of force and police procedures." *Id*. The Eleventh Circuit concluded that since the witness by his own account "functioned exactly as an expert witness normally does, providing a technical evaluation of evidence he had reviewed in preparation for trial," he could not testify as an expert because he had not been properly disclosed under Rule 26. *Id.* at 1318-19.

But *Preto* does not inform the issue in this case because Defendants never proffered Cristafaro as an expert—Cristafaro was consistently presented as a fact witness. For instance, at trial, Defense counsel explained "I think the sergeant has clearly testified that he has the training and experience and it's *not* an expert testimony *it's based on his training and experience in the K9 Unit*." Additionally, Plaintiff's counsel had ample opportunities to cross examine Cristafaro and at no point during Cristafaro's direct or cross examination did any of the testimony reflect that Cristafaro became involved in the case solely in preparation for trial, like in *Preto*, or that Cristafaro often testified as an expert on use of force.

In sum, the Court finds Cristafaro's testimony was properly admitted as hybrid witness testimony which was stipulated to by the parties as evidenced by the trial record. Therefore, as the Court ruled during trial, no curative instruction was necessary. [3]

## II. Plaintiff Has Not Made a Colorable Showing of Prejudicial Extrinsic Influence on the Jury.

Plaintiff also requests a new trial on the grounds that the jury's verdict must have been tainted or unduly influenced by a story posted on WPLG Channel 10 because one of the jury

---

[3] To the extent Cristafaro's limited testimony as to the location of the dog bite and Plaintiff's position at the time Bero grabbed him could have been misconstrued as an "expert" opinion, this would at most be harmless error because Cristafaro's testimony was corroborated by other witnesses including Mansour Hussein—an independent eye-witness—and Officer Requejo. *See Goodman v. Pennsylvania Turnpike Comm'n*, 293 F.3d 655, 675 (3d Cir. 2002) (new trial cannot be granted based on harmless error).

members asked the question "what happened to the black clothes (cut off by EMT?)" *See* [ECF No. 69]; *see also* Mot. at 6-7. In Response, Defendants argue that Plaintiff's allegations of extrinsic influence on the jury are unsubstantiated, based on mere speculation, do not relate to the material issues in this case, and that Plaintiff has failed to make an adequate showing of extrinsic influence to overcome the presumption of jury impartiality. *See* Resp. 5-7. The Court agrees.

The Eleventh Circuit has explained that "[t]he factual determination of whether consideration of extrinsic evidence caused [a moving party] prejudice is committed to the trial court's 'large discretion.'" *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1472 (11th Cir. 1992); *see also United States v. Martinez*, 14 F.3d 543, 547 (11th Cir. 1994) (a district court's denial of a motion for a new trial based on jury's exposure to extrinsic evidence is reviewed for abuse of discretion). A new trial is only warranted when the moving party makes an adequate showing that extrinsic evidence came before the jury and the extrinsic evidence poses a reasonable probability of prejudice. *See United States v. Barshov*, 733 F.2d 842, 851 (11th Cir. 1984). Indeed, "there is no *per se* rule requiring inquiry in every instance . . . [and] there must be something more than mere speculation" to overcome the presumption of jury impartiality. *Id.*

In other words, to justify a post-trial hearing involving the trial's jurors, the moving party must do more than speculate; he must show "'clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred.'" *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989) (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983)). "The more speculative or unsubstantiated the allegation of misconduct, *the less the burden to investigate*." *United States v. Caldwell*, 776 F.2d 989, 998 (11th Cir. 1985); *United States v. Cuthel*, 903 F.2d 1381, 1382-83 (11th Cir. 1990) (emphasis added).

In this case, Plaintiff's allegations of extrinsic influence are nothing more than mere

speculation and do not overcome the presumption of jury impartiality. Throughout the trial, the jury actively listened and demonstrated engagement as evidenced by the series of questions submitted to the Court. *See e.g.* [ECF Nos. 66-70]. Plaintiff mentioned he was wearing a "black jacket" during his direct examination and Plaintiff's counsel also mentioned black clothing during closing arguments. Additionally, Plaintiff testified that some of his clothes were removed and that he visited the hospital the day of the incident. The jury question that Plaintiff takes issue with only shows that the jury listened to the testimony and wanted to know about matters testified to at trial. Plaintiff's position that there can only be one reason the jury asked the question at issue is wholly speculative and unsubstantiated.

Further, throughout the trial, and especially considering the sensitive nature of the claims at issue in this case, the Court actively patrolled the jury to preserve impartiality and repeatedly instructed the jurors to consider only the evidence and information presented to them within the confines of the courtroom. For instance, when answering the question at issue, the Court instructed the jury to consider only the evidence presented at trial. Other than Plaintiff's speculative assertions, there is no concrete evidence that the WPLG Channel 10 story cited by Plaintiff had any influence on the jury or that any impropriety occurred. *See United States v. Kopituk*, 690 F.2d 1289, 1307-08 (11th Cir. 1982). The jury ultimately weighed all the evidence presented and made credibility determinations. Plaintiff's unsubstantiated speculation as to the reason *he thinks* the jury did not find him credible is not a valid ground for bringing the jury back for inquisition and second guessing the jury's verdict.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 74] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of September, 2021.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**