UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61067-RUIZ/STRAUSS

**CARLOS ANTWON ROBINSON,**

    Plaintiff,

v.

**OFFICER EDUARDO J. REQUEJO,** *et al.***,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendants, Eduardo J. Requejo and Erik N. Good's Verified Memorandum in Support of Their Bill of Costs [DE 84] ("Motion"). The Motion has been referred to me to take all necessary and proper action as required by law [DE 88]. I have reviewed the Motion, the Response [DE 86] and Reply [DE 87] thereto, the attachments to the Motion, and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED**.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be

supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On August 6, 2021, at the conclusion of a nearly week-long jury trial in this matter, the jury rendered a verdict in Defendants' favor [DE 71]. Consequently, that same day, the Court entered a Final Judgment in favor of Defendants and against Plaintiff [DE 73]. Plaintiff subsequently moved for a new trial [DE 74]. However, his motion for new trial has been denied [DE 85]. Thus, Defendants are clearly the prevailing parties, and therefore, they are entitled to an award of taxable costs.

Pursuant to the Motion, Defendants seek an award of the following categories of costs:

| Description | Amount |
|---|---|
| Service of Subpoenas | $320.00 |
| Deposition Transcripts/Court Reporter | $2,229.00 |
| Copying Costs | $1,341.14 |
| **Total** | **$3,890.14** |

In his response, Plaintiff does not contend that any of the costs sought are not taxable or unreasonable. Instead, Plaintiff contends that Defendants should not be awarded any costs because they were not personally obligated to pay any expenses sought, which were paid by the City of Fort Lauderdale, a non-party. However, Plaintiff cites no legal authority to support his contention (his response cites no law whatsoever), notwithstanding the requirement to file a "memorandum of law" in accordance with Local Rule 7.1(c)(1). Moreover, as Defendants note in their reply, their counsel declared (on their behalf) in the Bill of Costs [DE 84-1] as follows: "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Therefore, Defendant's unverified response, which is devoid of legal authority, is unavailing.

Although Plaintiff does not contest any of the specific costs sought by Defendants, I have nevertheless examined the costs and the supporting documentation. I find that the costs are both taxable and reasonable. First, the subpoena service expenses, which are each individually $40 or less, are reasonable and taxable under § 1920(1).[1]

---

[1] Section 1920(1) permits the taxing of "[f]ees of the clerk and marshal." This includes fees for serving subpoenas including subpoenas served by private process servers. *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the subpoena service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served. 28 C.F.R. § 0.114(a)(3).

Second, the deposition transcript and court reporter expenses are taxable under § 1920(2). Under § 1920(2), deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). To satisfy the necessarily obtained requirement – in order to recover transcript and court reporter appearance expenses – a deposition must only appear to have been reasonably necessary when it was taken. *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)). *See also W&O*, 213 F.3d at 621.

Here, the transcript and court reporter expenses are for Plaintiff's deposition, Defendants' depositions, and the deposition of a non-party witness, Hussein Mansour. As a preliminary matter, Plaintiff has not established (or even argued) that any of the foregoing depositions were not necessary for use in the case. Regardless, it goes without saying that the depositions of the three parties were necessary for use in the case and related to issues present in this case. Mr. Mansour's deposition also easily satisfies this requirement. Having issued a Report and Recommendation [DE 39] on Defendants' earlier motion for summary judgment, I am well aware of the necessity of Mr. Mansour's deposition, as he was a significant eyewitness in this matter, and both parties

4

discussed his deposition testimony in connection with their summary judgment briefing. Therefore, the deposition transcript and court reporter expenses are taxable. I also find that they are reasonable.

Finally, the copying costs sought are also taxable and reasonable. As indicated above, § 1920(4) provides for the recovery of copying costs "where the copies are necessarily obtained for use in the case." In the Motion, Defendants explain that the copying expenses were necessary and that they pertain to Plaintiff's medical records and diagnostic films, which Defendants needed to defend themselves and to rebut Plaintiff's claimed damages. Notably, the records attached to the Motion reflect that payments had to be made to various medical providers and entities in order to obtain the copies at issue. Moreover, while Defendants have explained why they viewed these copies as necessary, Plaintiff has not argued that the copies were unnecessary. Therefore, I recommend that the copying expenses, which are both taxable and reasonable, be awarded.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** the Motion [DE 84] and award Defendants taxable costs in the amount of **$3,890.14**, plus interest (from August 6, 2021).[2]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

---

[2] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 20th day of October 2021.

*[signature]*
Jared M. Strauss
United States Magistrate Judge